# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 24-6882

**Case Name** United States Securities and Exchange Commission v. Panuwat

**Counsel submitting this form** Jack P. DiCanio

**Represented party/parties** Appellant Matthew Panuwat

*Briefly describe the dispute that gave rise to this lawsuit.*

The Securities and Exchange Commission (SEC) sued Matthew Panuwat for allegedly violating Section 10(b) of the Securities Exchange Act, which prohibits the use of a "manipulative or deceptive device" in connection with the purchase of a security. 15 U.S.C. §78j(b).

Between 2014 and 2017, Panuwat worked at Medivation, a publicly traded biopharmaceutical company. While he worked there, major pharmaceutical companies competed to acquire Medivation, a process that played out largely in public view. The SEC alleged that through the acquisition process, Panuwat learned nonpublic information about Medivation's acquisition, and that Panuwat used that information to trade options not for Medivation stock but for shares of Incyte, a different biopharmaceutical company. The SEC's theory was that Medivation's acquisition would also raise the price of other biopharmaceutical companies' stock, and that Panuwat used his knowledge of confidential information about Medivation's impending acquisition to buy Incyte stock options. In the SEC's view, Panuwat violated Section 10(b) on a "misappropriation theory" because he breached a duty owed to his employer, Medivation, by misappropriating Medivation's "property" (the information about its forthcoming acquisition) and using it to trade options for another company's stock for his own gain.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**          *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

A jury found Panuwat liable for violating Section 10(b), and the district court denied Panuwat's posttrial motions for a new trial and renewed motion for judgment as a matter of law. The district court ordered Panuwat to pay $321,197.40 in civil monetary penalties (three times the amount of the alleged profits Panuwat made on the Incyte trade) and permanently enjoined Panuwat from further violations of securities law.

The issues on appeal concern whether the SEC proved its misappropriation theory. The SEC needed to show that Panuwat had a duty to Medivation not to trade in stock of another company, that he breached that duty, and that he acted with scienter (that is, with intent to defraud Medivation). But the district court did not correctly instruct the jury on these elements and excluded evidence relevant to duty—evidence that Medivation did not obligate employees to refrain from trading in an unrelated company's securities. What's more, the SEC failed to present sufficient evidence of duty, breach, or scienter to the jury. Indeed, Medivation's insider trading policy itself made clear that employees like Panuwat had no duty to refrain from trading in an unrelated company's securities, meaning Panuwat could not as a matter of law have misappropriated Medivation's confidential information by trading in Incyte stock options.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

There are no remaining proceedings below.

**Signature** Jack P. DiCanio

11/18/2024

**Date** *(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                     *Rev. 09/01/22*

2